UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LIAM MEYER, | No. 2:20-cv-00870-KJM-AC (PS) |
| Plaintiff, | |
| v. | ORDER |
| CALIFORNIA DEPARTMENT OF WATER RESOURCES, et al., | |
| Defendants. | |

Pro se plaintiff Liam Meyer moves for injunctive relief. Mot., ECF No. 12. Given the time sensitivity of plaintiff's request, this court resolves his motion rather than referring the matter to the assigned magistrate judge. Having considered the motion and the relevant authority, the motion is DENIED.

I.   BACKGROUND

This matter was removed from state court on April 28, 2020. ECF No. 1. There are over 20 defendants in this case, and currently two pending motions to dismiss. *See* ECF Nos. 10, 13. Meyer's complaint alleges he is a property owner in Sacramento County; this lawsuit centers on his property located at 7907 Garden Highway, Sacramento ("the Property"). ECF No. 1-1 at 3. Meyer alleges the property was damaged in 2016-2017 by a flood, which was orchestrated by defendant Department of Water Resources. *Id.* at 5. The complaint states "[i]t

1

should be noted that the Central Valley Flood people say in the February 28, 2020 Violation Hearing they want to remove all permits to the property and demolish Plaintiff's home." *Id.* at 6. On May 26, 2020, Meyer filed the present motion for emergency injunctive relief.  Mot.

II.     LEGAL STANDARD & DISCUSSION

A temporary restraining order may be issued upon the movant's showing "that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition." Fed. R. Civ. P. 65(b)(1)(A).  The purpose of such an order is to preserve the status quo and to prevent irreparable harm "just so long as is necessary to hold a hearing, and no longer." *Granny Goose Foods, Inc. v. Brotherhood of Teamsters*, 415 U.S. 423, 439 (1974).  The standard applicable to temporary restraining orders applies equally to requests for preliminary injunctive relief, which is whether the moving party "is likely to succeed on the merits, . . . likely to suffer irreparable harm in the absence of preliminary relief, . . . the balance of equities tips in [its] favor, and . . . an injunction is in the public interest." *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008); *see Stuhlbarg Int'l. Sales Co. v. John D. Brush & Co.*, 240 F.3d 832, 839 n.7 (9th Cir. 2001) (stating that the analysis for temporary restraining orders and preliminary injunctions is "substantially identical").  Moreover, the Eastern District's local rules specify that the court will consider "whether the applicant could have sought relief by motion for preliminary injunction at an earlier date without the necessity for seeking last-minute relief by motion for temporary restraining order." E.D. Cal. L.R. 231(b).

Here, Meyer fails to meet his burden.  First, his motion does not indicate there is any immediate risk of irreparable injury, although he submits a declaration stating that an "enforcement" action was scheduled for May 28, 2020.[1]  ECF No. 12-1 at 2. He adds, in summary fashion, that if the "Violation is enforced" on that day, "that will do irreparable harm to this property and to Plaintiff. **Responsibility and liability** for the 'Encroachment,['] which is not Plaintiff's, will be focused and proved at trial." *Id.* (emphasis in original).  He also says that, without an injunction, "the government intends to levy a $112,000 fine penalty" against him, "and

---

[1] While it is not clear from the record whether enforcement proceeded on May 28, if it did then plaintiff's motion would be moot.

2

1 cancel many permits that allowed the structures at the property to be built." *Id.* at 4. Plaintiff
2 does not explain whether he can or why he cannot be monetarily compensated for any
3 enforcement action that may be taken, if compensation is warranted. The Supreme Court's
4 standard "requires plaintiffs seeking [injunctive] relief to demonstrate that irreparable injury is
5 likely in the absence of an injunction"; thus, the motion here must be denied because although
6 Meyer uses the words "irreparable harm," he makes no showing he faces irreparable harm absent
7 injunctive relief. *Winter*, 555 U.S. at 22.

8    Second, Meyer's motion has not complied with Local Rule 231(b), as he waited
9 nearly one month after removal of this case to this court, and a mere two days before the
10 enforcement action he now says is imminent, before moving for emergency relief. His complaint
11 however, originally filed in state court in February 2020, discloses his awareness of defendants'
12 enforcement action and his need for emergency relief. *See generally* Compl. ECF No. 1-1. His
13 delay undercuts his request for last-minute relief in this court.

14    Finally, on the slim record before the court, it is entirely unclear whether Meyer is
15 likely to succeed on the merits. *See Winter*, 555 U.S. at 20. In this case there remain two pending
16 motions to dismiss that the court has yet to resolve. In light of all the facts and circumstances
17 presented here, nothing before the court allows it to conclude the ends of justice are served by
18 granting Meyer's motion for emergency relief.

19 III.   CONCLUSION

20    For the reasons stated above, plaintiff's motion for injunctive relief, ECF No. 12,
21 is DENIED.

22    IT IS SO ORDERED.

23 DATED: June 1, 2020.

_____
CHIEF UNITED STATES DISTRICT JUDGE

3