UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LIAM MEYER,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>CALIFORNIA DEPARTMENT OF WATER RESOURCES, CENTRAL VALLEY WATER PROTECTION BOARD, et al.,<br><br>　　　　　Defendants. | No. 2:20-cv-00870 KJM AC PS<br><br><br>FINDINGS AND RECOMMENDATIONS |

　　　　Plaintiff is proceeding in pro per, and the case is accordingly referred to the undersigned for pretrial proceedings by E.D. Cal. R. ("Local Rule") 302(c)(21).  This action was removed from Sacramento County Superior Court on April 28, 2020.  ECF No. 1.  Pending before the court are multiple motions to dismiss from various defendants (ECF Nos. 6, 10, 13), a motion by plaintiff to proceed in forma pauperis (ECF No. 18), and a motion by plaintiff to file an amended complaint (ECF No. 31).  The motions to dismiss brought by the Central Valley Flood Protection Board, et al. (ECF No. 13) and Paul Deveraux, et al. (ECF No. 10) make it clear that this court lacks subject matter jurisdiction and cannot entertain this case.  Accordingly, the undersigned recommends that the motions to dismiss at ECF Nos. 13 and 10 be GRANTED, that all other motions be DENIED as MOOT, and that this case be dismissed and closed.

## I.  **Relevant Factual Background**

Plaintiff filed his complaint in Sacramento County Superior Court on February 27, 2020. ECF No. 1-1 at 1.  The complaint seeks an order directing the California Department of Water Resources and/or the Central Valley Water Protection Board to stop its enforcement action against Meyer regarding encroachments of his property on the Sacramento River.  The complaint also seeks injunctive relief and damages against a long list of defendants, including numerous Sacramento County and State of California water resources and flood protection entities; many of their employees, officers and board members; and the Army Corps of Engineers.  The Corps and its employee Ryan Larson are the only federal defendants.

Between March 30, 2020, and April 28, 2020, plaintiff and counsel for the Reclamation District 1000 Defendants met and conferred pursuant to Cal. Civ. Proc. Code § 430.41. Declaration of Brian E. Hamilton ("Hamilton Decl.") ¶ 2.  Plaintiff agreed to dismiss the action in its entirety without prejudice, and sent a request for dismissal with regard to all parties to Sacramento County Superior Court by mail on April 20, 2020.  Hamilton Decl. ¶ 3.  The voluntary dismissal, signed April 13, 2020 by plaintiff, dismissed the entire action including all parties and all causes of action, without prejudice.  ECF No. 10-2 at 4.

Although the voluntary dismissal was dated April 13 and mailed April 20, 2020, its entry on the docket was delayed by series of closures in state court implemented as a result of the COVID-19 pandemic and California's shelter-in-place order.  On March 19, 2020, the Presiding Judge of the Superior Court in Sacramento County instated a court holiday for all purposes, including the docketing of civil filings.  ECF No. 14 at 9.  On April 16, 2020, the Presiding Judge extended the closure order through May 15, 2020.  Id. at 12.  On April 27, 2020, the Presiding Judge rescinded the closure order from May 6 through May 15, thereby permitting the docketing of civil filings to resume.  Id. at 16.  During the period after the request for dismissal was sent to Sacramento County Superior Court and before entry of the dismissal on the Superior Court docket, the United States Attorney removed plaintiff's lawsuit to this court.  ECF No. 1.  Plaintiff confirms that he dismissed the state case in its entirety at the state level and that the state court "took weeks" to file the notice of dismissal.  ECF No. 23 at 5.

2

## II. **Legal Standards**

Defendants bring both a jurisdictional challenge and challenges asserting plaintiff's failure to state a claim. The court will address what it views as the central jurisdictional issue under Rule 12(b)(1), as jurisdiction is a threshold matter. Because the undersigned concludes that this court lacks subject matter jurisdiction over this lawsuit and the lack of jurisdiction cannot be cured, only that issue is addressed below.

Federal Rule of Civil Procedure 12(b)(1) allows a defendant to raise the defense, by motion, that the court lacks jurisdiction over the subject matter of an entire action or of specific claims alleged in the action. "A motion to dismiss for lack of subject matter jurisdiction may either attack the allegations of the complaint or may be made as a 'speaking motion' attacking the existence of subject matter jurisdiction in fact." Thornhill Pub. Co. v. Gen. Tel. & Elecs. Corp., 594 F.2d 730, 733 (9th Cir. 1979).

When a party brings a facial attack to subject matter jurisdiction, that party contends that the allegations of jurisdiction contained in the complaint are insufficient on their face to demonstrate the existence of jurisdiction. Safe Air for Everyone v. Meyer, 373 F.3d 1035, 1039 (9th Cir. 2004). In a Fed. R. Civ. P. 12(b)(1) motion of this type, the plaintiff is entitled to safeguards similar to those applicable when a Fed. R. Civ. P. 12(b)(6) motion is made. See Sea Vessel, Inc. v. Reyes, 23 F.3d 345, 347 (11th Cir. 1994); Osborn v. United States, 918 F.2d 724, 729 n.6 (8th Cir. 1990). The factual allegations of the complaint are presumed to be true, and the motion is granted only if the plaintiff fails to allege an element necessary for subject matter jurisdiction. Savage v. Glendale Union High Sch., Dist. No. 205, Maricopa Cty., 343 F.3d 1036, 1039 n.1 (9th Cir. 2003); Miranda v. Reno, 238 F.3d 1156, 1157 n.1 (9th Cir. 2001). However, a court is "not bound to accept as true a legal conclusion couched as a factual allegation." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" Id. (quoting Bell Atlantic Corp., 550 U.S. at 557) (alteration in original).

////

////

### III. Discussion

Defendants are correct that this court lacks jurisdiction because the case was dismissed in state court prior to removal. "[V]oluntary dismissal of an entire action deprives the court of both subject matter and personal jurisdiction in that case, except for the limited purpose of awarding costs and statutory attorney fees." Gogri v. Jack in the Box Inc., 166 Cal. App. 4th 255, 261 (2008). Here, plaintiff filed a request for voluntary dismissal of his entire case in state court on April 13, 2020. Although the clerk did not enter the dismissal until May 6, 2020, Rule 8.817(b)(1) of the California Rules of Court (2020 ed.) provides, "A document is deemed filed on the date the clerk receives it."[1] While the date the court "received" the filing is complicated by the fact that the notice of dismissal was mailed during an unexpected, pandemic-induced, extended court holiday, the result here is not impacted because the same can be said of the notice of removal. Even assuming the clerk did not "receive" the notice of removal until returning to work on May 6, 2020, the notice of dismissal, having been delivered first, would be "received" first, albeit earlier on the same day as the notice of removal, due to the re-opening of the court.

As plaintiff filed his request for dismissal before trial, under the California rules his right to voluntary dismissal is absolute, and the clerk cannot deny the filing. Cal. Civ. Proc. Code § 581(b)(1). Such voluntary dismissal is "available to plaintiff as a matter of right and is accomplished by filing with the clerk a written request therefor. If in proper form, the dismissal is effective immediately." Associated Convalescent Enterprises v. Carl Marks & Co., 33 Cal. App. 3d 116, 120 (1973). After a request for dismissal is effectuated, a trial court cannot enter further orders in the dismissed action. Conservatorship of Martha P., 117 Cal. App. 4th 857, 866 (2004). Because the April 13, 2020 filing of voluntary dismissal divested the Superior Court of jurisdiction over plaintiff's action, it necessarily deprives this court of jurisdiction as well because by the time the case was removed, it had already been dismissed by operation of law. See Gogri,

---

[1] The effectiveness of plaintiff's voluntary dismissal is governed solely by reference to California law, as it was filed before the notice of removal. See Fed. R. Civ. P. 81(c)(1) ("These rules apply to a civil action *after* it is removed from state court.") (emphasis added); see Taylor v. Bailey Tool Mfg. Co., 744 F.3d 944, 946 (5th Cir. 2014) (holding that the Federal Rules of Civil Procedure "do not provide for retroactive application to the procedural aspects of a case that occurred in state court prior to removal to federal court").

166 Cal. App. 4th at 261.  Removal is not effective until a copy of the removal is filed with the clerk of the state court.  28 U.S.C. § 1446(d) (2018).  The Superior Court could not have properly entered the notice of removal, as the effect of voluntary dismissal was immediate, and the voluntary dismissal was filed first.  Conservatorship of Martha P., 117 Cal. App. 4th at 866.

Because the California Superior Court no longer possessed an active case at the time of removal, removal was never effective.  See 28 U.S.C. § 1446(d).  Under the circumstances of this case, the lack of subject matter jurisdiction is not a defect that can be cured by amendment.  Accordingly, the undersigned recommends dismissal of this case in its entirety.

### IV.     Conclusion

For the reasons explained above, this court lacks jurisdiction over the action as a whole.  Accordingly, the undersigned HEREBY RECOMMENDS that:

1. Defendants' motions to dismiss, ECF Nos. 10 and 13, be GRANTED;
2. All remaining motions be DENIED as moot; and
3. This case as a whole be DISMISSED.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1).  Within twenty-one days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Id.; see also Local Rule 304(b).  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Failure to file objections within the specified time may waive the right to appeal the District Court's order.  Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998), as amended on denial of reh'g (Nov. 24, 1998); Martinez v. Ylst, 951 F.2d 1153, 1156–57 (9th Cir. 1991).

DATED: July 9, 2020

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE